## Jacques Bloom v. M. O'Rorke.

1. VERDICTS—*Conclusive on Questions of Fact.*—The verdict of a jury is conclusive on questions of fact.

**Trespass**, to personal property. Trial in the Circuit Court of Peoria County, on appeal from a justice of the peace; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

COVEY & COVEY, attorneys for appellant.

F. J. O'BRIEN, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee against appellant, to recover damages for injuries to a horse and wagon of the former, caused by a runaway horse belonging to the latter.

On the day of the accident, July 2, 1898, one Lawrence Beckenhaupt, a boy sixteen years of age, who was in the employ of the firm, of which appellant was a member, to work around its store in Peoria, and deliver goods, was sent out with a horse and wagon to deliver certain packages. He had been told by a man named Davidson, who was at the time working for appellant, that he would pay him to deliver a trunk for him at the depot. Beckenhaupt had gone to the livery stable where the horse was kept and helped hitch up. Soon after he started, he met another boy named Etzenhauser, whom he took in the wagon with him. After delivering one package, he, with the help of the other boy, got the trunk into the wagon and afterward delivered the rest of the packages. He testified that he then started to go back to the store to learn if there were any more packages for him to deliver, but there is some evidence to the effect that he at other times had declared it was his intention to go to the depot to deliver the trunk. On the way to his destination the horse took fright and ran away. Beckenhaupt was thrown out, but

Bloom v. O'Rorke.

the other boy continued in the wagon and got hold of the reins.   The horse was partially brought under control, but could not be stopped, and afterward ran into appellee's horse and wagon, severely injuring the former and breaking the latter.

Appellee's horse was at the time tied to a post by the side of the street, and the horse and wagon were both close to the curb.   Appellee paid $15 for the use of another horse while his was disabled, $6 for repairs on his wagon and $15 for the services of a veterinarian.   The justice of the peace before whom the suit was commenced gave a judgment for appellant, but on appeal to the Circuit Court, the jury before whom the case was tried gave a verdict for appellee for $36.   A new trial was awarded, and upon a second trial the jury gave a verdict for $25, for which amount judgment was entered by the court.

It was contended by appellant that the appellee showed no cause of action, and that the court erred in giving certain instructions for the latter.   The evidence shows that appellee's horse and wagon were injured, without fault on his part, by the horse of appellant.   There was evidence tending to show that at the time the horse started to run away the boy Beckenhaupt was engaged in the business of his employer; that he was not a competent driver, and that the horse was improperly hitched to the wagon; that the horse was hard to hold, was easily frightened, and while he had never run away before, the boy had had trouble with him, and he had run " pretty fast."

While the evidence in the case is somewhat conflicting, it has been passed upon by two juries, who found for the appellee, and we are therefore not disposed to disturb the verdict.   All the objections to the instructions are based upon the fact that they were not justified by the evidence in the case.

We are of opinion that there was sufficient evidence to warrant the instructions complained of, and that the court did not err in giving them.

The judgment of the court below will therefore be affirmed.